BRICE COCHRAN V. THE STATE.

No. 18064.   Delivered March 18, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*E. B. Simmons* and *Dave Watson,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, five years in the penitentiary.

There are no bills of exception in this record, and the facts are deemed sufficient to support the verdict and judgment.

Appellant has an able brief arguing and citing authorities in support of a number of exceptions taken to the charge of the court, all of which have been carefully considered.   It appears to us that the charge must have been changed and amended again and again after the presentation of the exceptions to the original charge had been presented and the charge changed in response thereto,—inasmuch as paragraphs excepted to in the second group of exceptions filed by the accused,—upon inspection,—are found to present the law of the issues upon the absence of which the exceptions referred to appear to be predicated.   What we have just said is true of the first six of the second group of exceptions to the charge.

The trial court did not number the paragraphs in his charge, which may excuse appellant for the length of some of his exceptions.   However, we have tried to go through them as carefully and fully as we can, and do not agree with appel-

lant's seventh exception to the amended charge. One may be a principal offender in any one of the six ways mentioned in Middleton v. State, 86 Texas Crim. Rep., 319-20, and in that part of his charge thus excepted to the trial judge in this case was submitting the negative of two situations, the affirmative of which would make appellant a principal,—and which were the two phases of the law of principals finding support in the testimony in this case and told the jury they could not convict appellant as a principal if they had a reasonable doubt as to the fact that he had entered into an agreement with his brother to kill or injure Haynes, and of the fact that he rendered no aid or encouragement to said brother or if they had a reasonable doubt of the fact that appellant had no previous knowledge of his brother's intent to kill Haynes, and rendered no aid or assistance to his brother in what the latter did.

Appellant's eighth exception to the amended charge seems to have no application to the charge before us, in which the jury were told that they must view the matter submitted from the standpoint of appellant and Trudo Cochran (appellant's brother) at the time,—the exception being that the charge submitted to the jury said matter from their standpoint and not that of the accused or his brother. What we have just said is also true of the next and last exception in the second group which appears to have been taken to the amended charge.

Nor can we agree with the first of appellant's original exceptions taken to the charge before amended, wherein he complains of the submission of the question of his guilt upon two theories,—one that of his being a principal with Trudo Cochran, and the other the theory that he himself shot at Haynes. We find support for both theories in the testimony. Haynes testified to facts showing a complete acting together of appellant with his brother Trudo, and also testified that after Trudo shot him down, both brothers stomped and kicked him, and that appellant said to Trudo: "Give me that gun," and took the pistol from Trudo, and that he, witness, turned over just at this juncture and another shot was fired. Nothing suggests the use or presence of any other pistol save the one had by the Cochran brothers. Officer Boykin testified that he heard the shooting and ran to the place, and saw Trudo Cochran stomping Haynes who was down, and saying to Haynes: "Die, you dirty rat, die." He said he arrested Trudo, who had no pistol, and asked him what he shot the man for, and Trudo said he did not shoot him. Mr. Boykin said he saw no gun.

Other witnesses testified that appellant took the pistol away from the scene.

Exception was also taken to the alleged failure of the court to submit any affirmative defensive issues. We see nothing in this. There was no question but that Trudo Cochran shot Haynes, and that appellant was present at the time. The trial court told the jury that mere presence would not make one a principal, nor would mere knowledge that an offense was about to be committed, nor would failure to give alarm, nor inaction. The jury were also told that if from the acts of Haynes, or his words coupled with his acts, there was created in the mind of this appellant a reasonable apprehension that his brother Trudo was in danger of losing his life or suffering serious bodily injury at the hands of Haynes, appellant had the right to defend Trudo from such danger or apparent danger the same as he would himself, which situation should be determined from the standpoint of appellant at the time. The court told the jury that if appellant committed the assault, as a means of defense of Trudo, believing that the latter was in danger, * * * they should acquit. The court charged on appellant's right to defend in case threats had been made by Haynes against Trudo, and there had been some act on the part of Haynes evidencing an intent to carry out such threat, this also to be determined from appellant's standpoint at the time. The jury were told to acquit if they had a reasonable doubt as to whether appellant had entered into any agreement with Trudo to kill or injure Haynes, and that appellant at the time of the assault by Trudo rendered no aid or encouragement to the latter. The court also charged in line with appellant's own testimony, setting out each thing testified to by appellant as done by him at the time and place of the difficulty and told the jury to acquit if they found appellant's claims to be true, or if they were left in reasonable doubt thereof.

We have given careful consideration to each contention of appellant, and not being able to agree with any of same, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A re-examination of the charge of the court leads us to the conclusion that in its entirety it adequately submitted to the jury the appellant's affirmative defenses. We deem it unnecessary to again discuss in detail the appellant's exceptions to the charge. Suffice it to

say that no error appears therein which would, in our opinion, warrant a reversal. Under the provisions of Art. 666, C. C. P., this court is precluded from ordering reversals because of errors in the charge unless it appears from the record that the errors probably injured the rights of the accused or unless it appears that appellant did not have a fair and impartial trial.

We are constrained to adhere to the conclusion reached on the original hearing.

The motion for rehearing is overruled.

*Overruled.*